UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00172-RGK-JDE | Date | January 30, 2026 |
|---|---|---|---|
| Title | *Arutyan Asatryan v. Kristi Noem et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's Preliminary Injunction [DE 2]

## I.  INTRODUCTION

On January 14, 2026, Arutyan Asatryan ("Petitioner") filed a Writ of Habeas Corpus and the present Application for Temporary Restraining Order ("TRO") ("Application") against Kristi Noem, Pamela Bondi, Todd Lyons, Jaime Rios, Fereti Semaia, Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security (collectively, "Respondents"). (ECF Nos. 1, 2.) Petitioner, a noncitizen subject to a final order of removal, is in ICE custody. On January 15, 2026, the Court denied Petitioner's Application. Thereafter, on January 21, 2026, the Court granted Petitioner's request pursuant to Local Rule 65-1 to convert the application for a TRO to a preliminary injunction.

Presently before the Court is Petitioner's Motion for a Preliminary Injunction. For the following reasons, the Court **DENIES** Petitioner's Motion.

## II.  FACTUAL BACKGROUND

Petitioner is a citizen of Armenia. (Velasquez Decl. ¶ 3.) On September 27, 2004, Petitioner was convicted of two counts of assault and sentenced to a total of 12 years in state prison. (*Id*. ¶¶ 6,7.) In 2012, upon his release from prison, he was arrested by ICE Enforcement and Removal Operations and issued a final order of removal to Armenia. (*Id*. ¶¶ 8–11.) In 2013, Petitioner was released from custody on an Order of Supervision ("OSUP"). (*Id*. ¶ 12.) Since 2012, ICE attempted to secure travel documents from Armenia twice for Petitioner but was unsuccessful. (Asatryan Decl. ¶ 5.) The Consulate General of the Republic of Armenia in Los Angeles also denied Petitioner travel documents after he attempted to obtain them himself. (*Id*. ¶ 7.) On December 17, 2025, while attending a regular scheduled check-in with ICE, Petitioner was detained and transferred to the Adelanto ICE Processing Center in Adelanto, California, where he remains today. (*Id*. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00172-RGK-JDE | Date | January 30, 2026 |
|---|---|---|---|
| Title | *Arutyan Asatryan v. Kristi Noem et al.* | | |

## III. JUDICIAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is "never awarded as of right." *Id*. at 24. A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest (the "*Winter* test"). *Id*. at 20. The Ninth Circuit has adopted an alternative sliding scale approach, in which the elements of the *Winter* test are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For instance, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. at 1132.

## IV. DISCUSSION

### A. Likelihood of Success on the Merits

#### 1. *Notice of Revocation and Informal Interview*

8 C.F.R. § 241.13(i) governs re-detention determinations for noncitizens, like Petitioner, subject to final removal orders whose initial removal orders are expired.

Under 8 C.F.R. § 241.13(i), the government may revoke release if (1) an alien violates conditions of his release, or (2) "on account of changed circumstances, the [government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." Neither Petitioner nor Respondents indicate that Petitioner violated the conditions of his release, thus the grounds for revoking Petitioner's release must lie under 8 C.F.R. 241.13(i)(2).

8 C.F.R. § 241.4(l) provides that, upon revocation of an OSUP, the noncitizen (1) "will be notified of the reasons for revocation of his or her release" and (2) will be given "an initial informal interview promptly after [re-detention] to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *See also Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1019 (2025) ("[I]n order to revoke conditional release, the Government must provide adequate notice and 'promptly' arrange an 'initial informal interview . . . to afford the alien an opportunity to respond to the reasons for the revocation stated in the notification.'") (quoting 8 C.F.R. § 241.4(l)).

Petitioner argues that his Notice of Revocation of Release is deficient because he was given no meaningful information as to why his removal is suddenly reasonably foreseeable to which he could respond. The Court disagrees. 8 C.F.R. § 241.13(i)(3) and 8 C.F.R. § 241.4(l) state that the noncitizen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00172-RGK-JDE | Date | January 30, 2026 |
|---|---|---|---|
| Title | *Arutyan Asatryan v. Kristi Noem et al.* | | |

"will be notified of the reasons for revocation of his or her release." The Notice of Revocation of Release states that "ICE has determined that [Petitioner] can be expeditiously removed from the United States pursuant to the outstanding order of removal against [Petitioner] . . . It is expected that [Petitioner] will be removed to Armenia in the foreseeable future." (Pet.'s Notice Revocation Release, Ex. A., ECF No. 13-2.) The Notice gives reasons for the revocation of Petitioner's release, namely, that ICE has now determined that Petitioner will be removed to Armenia in the foreseeable future. Although Petitioner argues that the notice is deficient because it does not explain the exact reasoning behind why Petitioner will be removed to Armenia in the reasonably foreseeable future, the plain language of 8 C.F.R. § 241.13(i)(3) and 8 C.F.R. § 241.4(l) only state that the government must give reasons, the language does not indicate that the government must provide details behind the reasons. Thus, the Court finds the notice given to be sufficient reasoning for the revocation of Petitioner's release.[1]

Petitioner next argues that the government failed to provide an informal interview at which he could contest the decision to revoke his OSUP. Both 8 C.F.R. § 241.13(i)(3) and 8 C.F.R. § 241.4(l) provide that an alien will be provided with an initial informal interview so that he may respond to the reasons for revocation stated in the notice. Here, Respondent was given an "Alien Informal Interview Upon Revocation of Order of Supervision under 8 C.F.R. § 241.13(i)(3) and 8 C.F.R. § 241.4(l)." (Ex B., ECF No. 13-2; Velasquez Decl. ¶ 14, ECF No. 13-1.) Thus, the government appears to have complied with its procedural regulations when revoking Petitioner's OSUP and detaining him.[2]

2. *Due Process*

Petitioner argues that his re-detention violates his substantive due process rights under the Fifth Amendment because he is neither a flight risk nor a danger to the community.

Federal immigration laws require detention of removable aliens during a 90-day removal period. 8 U.S.C. § 1231(a)(1)–(2)(A). The government may detain an alien beyond the 90-day period if the alien ordered removed is inadmissible under section 1182, removable under section 1227(a)(1)(C), 1227(a)(2) or 1227(a)(4), or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal. *See* 8 U.S.C. § 1231(a)(6). Section 1231(a)(6) therefore makes clear that an alien can continue to be detained if any of those three criteria are met. Here,

---

[1] Petitioner also argues that it is not clear who signed the Notice of Revocation, noting that only the Executive Associate Commissioner can revoke the release of a non-citizen to enforce a removal order. 8 C.F.R. § 241.4(l)(2). While this argument may be viable, Petitioner argues this in his Reply, therefore the Court declines to consider it. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("[T]he district court may decline to consider new evidence or arguments raised in reply, and generally should not consider the new evidence without giving the non-movant an opportunity to respond.") (internal quotations omitted).
[2] Notably, the government must still schedule Petitioner's review process, or, in simpler terms, formal interview. *See* 8 CFR § 241.4(l)(3). This formal interview is ordinarily expected to be scheduled three months after release is revoked. *Id.* Accordingly, the Court reminds the government of its obligation to comply with this subsequent procedural requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00172-RGK-JDE | Date | January 30, 2026 |
|---|---|---|---|
| Title | *Arutyan Asatryan v. Kristi Noem et al.* | | |

Petitioner is detainable beyond the 90-day removal period, even if he is neither a flight risk nor a danger to the community, as he is inadmissible under section 1182. *See* 8 U.S.C. §§ 1231(a)(6), 1182.

Continued detention is permitted under § 1231(a)(6), but only for the time "reasonably necessary" to effectuate removal because indefinite detention would run affront with Fifth Amendment Due Process rights. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). The "presumptively reasonable" period of detention after a removal order is prescribed to be six months. *Id.* at 701. After that period, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2011) (quoting *Zadvydas*, 533 U.S. at 689–701).

The government argues that Petitioner cannot make a *Zadvydas* showing because he has only been detained for about one month. However, the six-month presumption of reasonability under *Zadvydas* is "just that—a presumption." *Clark v. Martinez*, 543 U.S. 371, 387 (O'Connor, J., concurring). Such a presumption is not a "prohibition on claims challenging detention less than six months." *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 993 (C.D. Cal., 2018). And *Zadvydas* made it clear that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700. Accordingly, we must assess whether Petitioner has established enough evidence that his removal is not reasonably foreseeable. *See id.* at 701 (placing the initial burden on Petitioner to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Here, Petitioner provides no argument that there is no significant likelihood of his removal to Armenia in the reasonably foreseeable future. As such, Petitioner has failed to make the required *Zadvydas* showing, and his detention is presumed reasonable.

Because the government complied with its regulations in giving Petitioner notice and an informal interview, and Petitioner's detention is presumed reasonable, Petitioner is unlikely to succeed on the merits of his Petition.

In sum, Petitioner has not shown a likelihood of success on the merits of his claims. He therefore has not demonstrated entitlement to the injunctive relief he seeks. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (cleaned up) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, [the court] need not consider the other factors.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00172-RGK-JDE | Date | January 30, 2026 |
|---|---|---|---|
| Title | *Arutyan Asatryan v. Kristi Noem et al.* | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Preliminary Injunction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |